**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

ALVANCE ROBINSON,

    Plaintiff,

v.                                                                                          Case No.:

UNIVERSITY OF WEST FLORIDA
BOARD OF TRUSTEES,

    Defendant.

_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Alvance Robinson, by and through his undersigned counsel, and hereby files this Initial Complaint against defendant, University of West Florida Board of Trustees, and alleges:

### I. Jurisdiction and Venue

1.    This Court has jurisdiction in this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Family and Medical Leave Act (FMLA), which is codified at 29 U.S.C. § 2601, *et seq.*, as well as under 42 U.S.C. § 1981.

2.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the claims arose in this district; defendant has offices and operates in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendant is subject to personal jurisdiction in this district.

## II. Parties

3. Plaintiff is a former employee of defendant who worked for it for over twelve months.

4. Defendant is engaged in commerce or industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar weeks of the year for each calendar year during which plaintiff was employed by it, as well as the preceding calendar years. Additionally, defendant employed 50 or more employees within 75 miles of plaintiff's work site in Pensacola, Florida. Defendant is subject to the provisions of the FMLA, and it is an employer as that term is defined by the FMLA.

5. Defendant is also engaged in commerce and activities affecting commerce, and it is subject to 42 U.S.C. § 1981.

## III. Factual Allegations

6. Plaintiff initially worked for defendant from in or around August 2019 to February 2021.

7. Plaintiff later began working for defendant on or about February 14, 2024.

8. At all times relevant hereto, plaintiff held the position of Offensive Coordinator for defendant's football team, and he generally performed his duties at defendant's facilities located on its campus in Pensacola, Florida.

9. Plaintiff was qualified for the position he held with defendant. He met all of the minimum requirements for his position and could perform all of the essential functions of his job.

10. In 2024, plaintiff's wife became pregnant. That pregnancy proved to be a

difficult, high-risk one which required prescription medication, several emergency treatments, and medical leave from her work for her serious health condition.

11. Plaintiff advised defendant of both his wife's pregnancy and the fact that it was a complicated, high-risk pregnancy.

12. In late December 2024 plaintiff's wife was experiencing pregnancy complications, and her treating physician ordered various tests and scheduled a follow-up appointment for her in early January 2025. She requested her husband's attendance at that appointment, and he thus promptly requested leave from work to attend that medical appointment and care for his wife.

13. Plaintiff notified defendant that his request for leave was attributable to his wife's serious health condition. Nevertheless, defendant stated that although the appointment was urgent, it was not emergent in defendant's mind.

14. The Parties' discussion of plaintiff's leave request to care for his wife spanned two days in late December 2024. In the course of those discussions, one of defendant's objections to the leave request was the fact that plaintiff was already going to want time off once the baby was born, to which plaintiff responded that was his right. Plaintiff also expressed his belief that he had the right to care for his wife given the serious condition of her complicated pregnancy. Defendant disagreed, with its head coach proclaiming he could refuse plaintiff's request for any reason he desired.

15. Ultimately, defendant denied plaintiff's leave request. Defendant also advised plaintiff that if he attended his wife's medical appointment they would need to "have a talk" about his future with the organization.

16. Feeling his presence was necessary to care for his wife because of her

3

serious health condition, plaintiff attended her medical appointment and missed work as a result.

17. Upon his return to work, defendant advised plaintiff his employment was terminated for two stated reasons: (1) his having missed work to care for his wife, and (2) a need to "protect the program" because defendant anticipated plaintiff would be wanting more time off from work once his child was born.

18. Plaintiff's pay was also docked for the time he had missed to care for his wife and attend her medical appointment, despite his having accrued paid leave available to him.

### IV.  Count I -- Violation of the FMLA (Interference)

19. Plaintiff realleges and incorporates herein paragraphs 1-4 and 6-18, above.

20. In the twelve months prior to plaintiff's request for medical leave, he had worked in excess of 1,250 hours for defendant.

21. Furthermore, at no point did plaintiff exhaust the twelve work-weeks of job-protected leave to which he was entitled under the FMLA.

22. Defendant interfered with plaintiff's rights under the FMLA by denying him leave to which he was entitled under the FMLA, denying him the ability to return to work without penalty for having executed his FMLA rights, as well as using the FMLA leave he had taken and was expected to take in the future as a negative factor in ultimately terminating plaintiff's employment.

23. The foregoing facts and circumstances demonstrate that defendant has violated the FMLA.

24. Plaintiff has been damaged as a result of defendant's actions.  Such

damages, both past and future, include the loss of employment, salary, raises and increments in such salary, and the loss of non-salary benefits and emoluments of employment. Plaintiff is also entitled to any actual monetary losses sustained by him as a result of defendant's actions.

25.   Plaintiff has been required to retain an attorney to assist him in asserting and protecting his rights.

WHEREFORE, plaintiff demands nominal damages, damages for back pay and all pay increases, bonuses, and benefits associated with employment or retirement; statutory liquidated damages; reinstatement, or front pay in the event reinstatement is not offered or awarded; interest, including pre-judgment interest; any actual monetary losses; injunctive relief; attorney's fees and costs; and any other relief to which he may be entitled.

### V. Count II- Violation of the FMLA (Retaliation)

26.   Plaintiff realleges and incorporates herein paragraphs 1-4, 6-18, and 20-21, above.

27.   A determinative factor in defendant's terminating plaintiff's employment was his use of leave under the FMLA as well as his intent to take leave to which he would be entitled under the FMLA in the future.

28.   Defendant thus retaliated against plaintiff for having exercised his right to take FMLA leave as well as its understanding that he would use FMLA leave in the future.

29.   The foregoing facts and circumstances demonstrate that defendant has violated the FMLA.

30.     Plaintiff has been damaged as a result of defendant's actions. Such damages, both past and future, include the loss of employment, salary, raises and increments in such salary, and the loss of non-salary benefits and emoluments of employment. Plaintiff is also entitled to any actual monetary losses sustained by him as a result of defendant's actions.

31.     Plaintiff has been required to retain an attorney to assist him in asserting and protecting his rights.

WHEREFORE, plaintiff demands nominal damages, damages for back pay and all pay increases, bonuses, and benefits associated with employment or retirement; statutory liquidated damages; reinstatement, or front pay in the event reinstatement is not offered or awarded; interest, including pre-judgment interest; any actual monetary losses; injunctive relief; attorney's fees and costs; and any other relief to which he may be entitled.

### *IV.  Count I -- Violation of 42 U.S.C. § 1981*
### *(Racial Discrimination)*

32.     Plaintiff realleges and incorporates herein paragraphs 1-3, 5, and 7-18, above.

33.     Plaintiff is Black/African American. He was also one of only two African American coaches on defendant's football coaching staff during the 2024 football season.

34.     In denying plaintiff leave to attend his wife's medical appointment, defendant treated plaintiff differently than other similarly situated members of defendant's coaching staff who were not African American.

35. In fact, Caucasian coaches were routinely allowed to be absent for medical and non-medical reasons involving themselves and/or their spouses.

36. Defendant also hired a Caucasian individual to replace plaintiff as its Offensive Coordinator. Additionally, it afforded that Caucasian coach duties, powers, and responsibilities which had not been extended to plaintiff in that same role.

37. The foregoing facts and circumstances demonstrate that the actions of defendant, acting through its agent, were discriminatory against plaintiff because of his race and violated his right to enjoy the benefits, privileges, terms, and conditions of his contractual employment relationship with defendant which are secured by 42 U.S.C. §1981.

38. As a direct and proximate result of the actions of defendant and its agents, plaintiff has suffered, and will continue to suffer mental anguish, physical discomfort, pain and suffering, humiliation, embarrassment, and mental and emotional distress. Furthermore, plaintiff has suffered lost wages and benefits, a diminished ability to earn a living, a diminished capacity to enjoy his life, and other damages.

39. Plaintiff has been required to hire an attorney to assist him in enforcing his rights under the law.

WHEREFORE, plaintiff demands back pay and all pay increases, bonuses, and benefits associated with employment with the defendant; interest, including pre-judgment interest; reinstatement or future pay and benefits; compensatory damages for mental and emotional distress, humiliation, embarrassment, and loss of enjoyment of life, and ability to earn a living; attorney's fees and costs; and any other relief to which he may be entitled.

***Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.***

                                            Respectfully submitted,

                                            s/Bradley S. Odom
                                            Bradley S. Odom, Esq.
                                            Florida Bar Number:   932868
                                            ODOM LAW GROUP, P.A.
                                            1800 North "E" Street
                                            Pensacola, Florida  32501
                                            (850) 434-3527
                                            Attorney for Plaintiff
                                            email@odomlawgroup.net